UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

WENDY S. AKERS,

                Plaintiff,

v.                                                 Case No.  5:05-cv-154-Oc-10GRJ

JOANNE B. BARNHART,
Commissioner of Social Security,

                Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon reference by the Clerk.  The docket reflects that Plaintiff filed her Complaint against the Commissioner on March 28, 2005 (Doc. 1), and this matter was designated as a Track One case two days later.  (Doc. 3.) Pursuant to F. R. Civ. P. 4(m), Plaintiff was required to serve the Complaint upon Defendant within 120 days after filing the complaint, on or before July 29, 2005.

Having not received an executed return of service, nor an answer by the Commissioner, the Court issued a Show Cause Order on September 7, 2005 requiring Plaintiff, within ten days of the Order, to show cause in writing why her Complaint should not be dismissed without prejudice, or in the alternative, to file proof of service in accordance with F. R. Civ. P. 4(i)(1). (Doc. 4.)

Plaintiff has failed to file a response to the Court's September 7, 2005 Show Cause Order.  Moreover, the docket reflects that neither an executed return of service

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within ten (10) days after service of this report and recommendation.  Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

nor an answer by the Commissioner has been filed, and so service of process has not been effected. Accordingly, in light of Plaintiff's failure to prosecute this case, and in light of her failure to comply with an Order of this Court, her Complaint against the Commissioner is due to be dismissed without prejudice.

## **DISCUSSION**

Consistent with its inherent power to achieve orderly and expeditious disposition of cases, a federal court can act *sua sponte* to dismiss an action based on a plaintiff's failure to prosecute[2] or her failure to comply with an order of the court.[3] While dismissal is a dramatic sanction that is to be utilized on in extreme situation, it is appropriately applied where there is a clear record of delay or contumacious conduct on behalf of the plaintiff.[4] The failure of a plaintiff to obey court rules and orders or a plaintiff's voluntary absence from a scheduled hearing coupled with a pattern of similar conduct have been held to constitute want of prosecution, justifying the sanction of dismissal.[5]

---

[2] *See* Mroz v.Mroz, 65 F.3d 1567, 1575 n. 9 (11th Cir. 1995) (citing Chambers v. NASCO, Inc., 501 U.S. 32 (1991)). In Chambers, the United States Supreme Court discussed a federal court's inherent power to control proceedings an acknowledged that "certain implied powers must necessarily result to our Courts of justice from the nature of their institution, power which cannot be dispensed with in a Court, because they are necessary to the exercise of all others." Id. at 43; *see also* Clark v. James, 794 F.2d 595 (11th Cir. 1986) (dismissing of civil actions for want of prosecution); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985).

[3] *See* Jones et al. V. Graham et al., 709 F.2d 1457, 1462 (11th Cir. 1983) (failing to comply with court order and local rules and clear record of delay demonstrating lack of prosecution warranted dismissal with prejudice); *see also* Boron v. West Tex. Exports, Inc., 680 F. Supp. 1532 (S.D. Fla. 1988).

[4] Morewitz v. W. of Eng. Ship Owners Mutual Prot. and Indem. Assoc., 62 F.3d 1356, 1366 (11th Cir. 1995).

[5] *See* Jones, 709 F.2d at 1462; *see also* Clark, 794 F.2d at 597 ("[The sanction of dismissal] was imposed because [plaintiff] had deliberately failed to appear at the hearing, and it was an appropriate sanction. The district judge is not required to ignore a litigant's voluntary absence from a hearing set in his case . . . . If it is clear that a moving party deliberately failed to appear at a hearing on the issues he raises, dismissal is appropriate . . . .").

This case presents circumstances which justify the sanction of dismissal. Here, with the exception of filing her complaint in March 2005, Plaintiff has not participated at all in the prosecution of this action. After filing the Complaint, Plaintiff had 120 days, or until July 29, 2005, to serve Defendant in accordance with the provisions set forth by F. R. Civ. P. 4(i) and (m). Based on the absence of an executed return of service or an answer by the Commissioner, it is apparent that Plaintiff has not satisfied the requirements of Rule 4, which, alone, is cause for dismissal.[6]

Plaintiff was advised about such failure in the Court's September 7, 2005 Order. (Doc. 4.) In that Order, Plaintiff was directed to show cause in writing within ten days of the Order why the action should not be dismissed or, in the alternative, to file proof of service. Plaintiff was notified that his failure to comply with the Court's Order would result in the instant recommendation of dismissal. Although the docket reflects that Plaintiff received electronic notification of this Order on September 7, 2005, Plaintiff has failed to respond to the Court's Order. As discussed above, her failure to do so also justifies dismissal of the Complaint.

## RECOMMENDATION

In view of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** without prejudice because of Plaintiff's failure to prosecute this action and because of her failure to comply with an Order of the Court.

**IN CHAMBERS** in Ocala, Florida, on November 2, 2005.

GARY R. JONES
United States Magistrate Judge

Copies to:
  The Honorable Wm. Terrell Hodges
  United States District Judge

  Counsel of Record

---

[6] See F. R. Civ. P. 4(m).